```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          Criminal No. 98-137(4)(DSD/AJB)
```

United States of America,

       Plaintiff,

v.                                                      **ORDER**

Alfredo Prieto,

       Defendant.

 

This matter is before the court upon the pro se motions of defendant Alfredo Prieto for relief from judgment, for default judgment and to proceed in forma pauperis. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.

**BACKGROUND**

On March 4, 1999, following a ten-day trial, a jury found Prieto guilty of conspiracy to distribute methamphetamine. The court sentenced Prieto to life imprisonment. The Eighth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Bahena, 223 F.3d 797, 805-06, 811 (8th Cir. 2000). On September 14, 2001, Prieto moved for relief under 28 U.S.C. § 2255, arguing that his sentence was illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000), and that he received ineffective assistance of

counsel. The court denied the motion on April 22, 2002. See ECF No. 681. Prieto appealed. The Eighth Circuit denied a certificate of appealability and dismissed the appeal. See ECF No. 706.

Beginning in May 2010, Prieto sought "any plea offers extended or proposed, correspondence, memos and notes" from the U.S. Attorney under the Freedom of Information Act (FOIA). As a result of his FOIA request, Prieto received a letter from the assistant U.S. attorney to defense counsel for the eighteen co-defendants in his case.

On February 25, 2011, Prieto moved for relief from the denial of his § 2255 motion in 2002. Prieto argues that the court erred in denying his previous § 2255 motion because his defense counsel's failure to tell him about the letter constitutes ineffective assistance. Prieto also argues that the government should have brought the letter to the court's attention in 2002, and that he received ineffective assistance because his defense counsel did not understand the U.S. Sentencing Commission Guidelines. The government timely responded. See ECF No. 890. The court now considers the motion.

## DISCUSSION

I.  **August 14, 1998 Letter**

As an initial matter, the court considers the letter from the government to all defense counsel in this matter, because it forms

the basis of the instant motion.[1]  Prieto styles the letter as a "proposed plea offer."  Despite Prieto's label, it is not a plea offer, and cannot be construed as a plea offer.  The letter states:

> A number of defendants and potential defendants have contacted me about pleading guilty, and cooperating with the government. The purpose of this letter is to let you know my intentions with respect to negotiating plea agreements in the above-captioned matter.
>
> I will be willing to discuss the possibility of the government making downward departure motions to cooperating defendants, when appropriate, under both § 5K1.1, and 18 U.S.C. § 3553(e), until September 1, 1998.... After September 1, 1998, I will be willing to discuss the possibility of downward departure motions only under § 5K1.1, if appropriate.

Pet'r's Mot. 36–37.  The letter states several times that it is not an offer or a promise of a departure, but merely notice of when the government would be willing to discuss departures.  Id.  The willingness of the government to entertain plea offers or offers of assistance is not unique to this case.  As a result, its contents have no bearing on Prieto's conviction, sentence or the assistance rendered by his defense counsel.

## II.  Successive Petition

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to

---

[1] The court also first examines the substance of the letter in the interest of justice, because the present motion is barred under 28 U.S.C. § 2255(h) and Federal Rule of Civil Procedure 60.

invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (citation omitted). Prieto's present claims all concern his acceptance of his lawyer's advice to proceed to trial. The issues all were raised, or could have raised, in his direct appeal or previous § 2255 petition. See United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004). Prieto did not obtain certification from the Eighth Circuit to file a successive § 2255 petition. Therefore, dismissal is warranted because the instant motion is a successive petition barred by § 2255(h).

**III. Rule 60(b)**

Even if the instant motion were not in essence a § 2255 petition, the motion is untimely under Rule 60. Rule 60(b) allows relief for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

4

Fed. R. Civ. P. 60(b)(1)-(6). Motions brought under subsections (b)(1) through (b)(3) are subject to a one-year limit, and motions under subsections (b)(4) through (b)(6) "must be made within a reasonable time." Id. R. 60(c)(1). As the Seventh Circuit notes, the enumerated grounds of subsection (b) are mutually exclusive, because permitting relief under subsection (b)(6) when another ground applies would "render the one-year time limitation meaningless." Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006).

In the present case, Prieto argues that the August 14 letter is "additional evidence of trial counsel's deficient performance" only now "brought to light." Def.'s Mot. 10. Prieto further argues that the government "committed fraud on the court" by failing to bring the letter to the attention of Prieto or the court. Id. at 5. As a result, subsections (b)(2) and (b)(3) encompass Prieto's claims, and the one-year limit applies. The previous § 2255 judgment became final in February 2003, when the time period to file for a writ of certiorari expired. As a result, the present motion is well past the one-year limit of Rule 60(c)(1), and dismissal is warranted.

Moreover, the motion also fails under subsection (b)(6). Rule 60(b)(6) only applies when a movant demonstrates "extraordinary circumstances" justifying reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Nearly nine years passed between

5

the judgment in the first § 2255 motion and the instant motion. Such a long delay cannot be construed as reasonable. In short, Prieto fails to show that extraordinary circumstances exist in this case. Therefore, dismissal is also warranted under Rule 60.

**IV.   Application to Proceed In Forma Pauperis**

No filing fee is due, and the court denies a certificate of appealability. Therefore, the application to proceed in forma pauperis is moot.

**V.   Motion for Default Judgment**

Prieto also moves for default judgment, arguing that the government failed to respond to his motion for relief as ordered by the court. Prieto is incorrect. The government timely responded on April 20, 2011. See ECF No. 890. Therefore, this motion is moot.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for relief from judgment [ECF No. 886] is denied;

2.   The motion for default judgment [ECF No. 891] is denied as moot;

3.   The application to proceed in forma pauperis is denied as moot; and

4.   Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 19, 2011

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court